IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NATHANIEL PRICE                                                          PETITIONER

V.                              No.  2:11-CV-02053-PHK

RAY HOBBS,                                                               RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus

Petitions (ECF No. 1) filed March 18, 2011 under 28 U.S.C. §2254.  The State filed its Response

(ECF No. 12) on April 26, 2011, the Petitioner has not filed a Reply and the matter is ready for

Report and Recommendation.

### I.  Background

On February 6, 2009, a Crawford County, Arkansas jury convicted Price of two counts of

rape and sentenced him to an aggregate term of 35 years' imprisonment in the Arkansas

Department of Correction. ECF No. 12-1.  Price appealed his conviction and sentence to the

Arkansas Court of Appeals, which issued an opinion affirming the judgment on February 2,

2010. *See Price v. State*, 2010 Ark. 2010 WL 374577. The Mandate was issued on February 23,

2010.

Price subsequently filed a petition in the trial court for postconviction relief pursuant to

Arkansas Criminal Procedure Rule 37 on April 29, 2010. Since the petition was due on or before

April 23, 2010, the petition was denied as untimely. See Ark. R. Crim. P. 37.2(c) (petition must

be filed within 60 days of the mandate); Ark. S.Ct. R.5-3(a) (mandate issued when decision has

-1-

become final); Ark. S.Ct. R. 2-4 (petition for review must be filed within 18 calendar days). The Petition and Order are attached as Respondent's Exhibit C. Price did not appeal the denial of relief.

On March 18, 2011, Price filed the present petition for writ of habeas corpus and alleged (1) that there was insufficient evidence of rape; (2) that the trial court abused its discretion by allowing Tiffany Spencer to testify in violation of Ark. R. Evid. 404(b); (3) that the application of Ark. R. Evid. 404(b) in his case violated his rights to due process; (4) the trial court erroneously denied his motion for mistrial; and (5) that he was denied the effective assistance of counsel at trial because his attorney failed to call subpoenaed witnesses and for accepting what he deemed was a biased juror to the panel.

## II.  Discussion

### A.  Statute of Limitations:

The Plaintiff's Petition is not timely filed and is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners.  The statute provides that the time will run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1).

In the present case the Plaintiff's case was decided in the Arkansas Court of Appeals on February 3, 2010 and the Mandate was issued on February 23, 2010.  The current petition was not filed until March 18, 2011 and was, therefore, outside the time allowed by the statute.

The time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C.A. § 2244(d)(2).

In the present case the Plaintiff filed his Rule 37 motion on April 29, 2010. The Circuit Court for Crawford County properly noted that the petition was outside the time and entered an Order on April 29, 2010 denying the Rule 37 petition. A properly filed application is one that meets all the state's procedural requirements. *Beery v. Ault* 312 F.3d 948, 950 -951 (C.A.8 (Iowa),2002); *Lookingbill v. Cockrell*, 293 F.3d 256, 260-61 (5th Cir.2002). Courts interpret the words "properly filed" narrowly. Id. at 260.

As a result of being untimely filed the Rule 37 Petition was not a "properly filed application for State post-conviction review". The Plaintiff did not appeal the order and, as pointed out above, it would have been useless to do so. As a result the Court of Appeals mandate on February 23, 2010 became the date the judgment became final and the Plaintiff had one year from that date or until February 24, 2011 to file his current petition. The Plaintiff did not file his current petition until March 18, 2011 and it is outside the time allowed.

The statute of limitations in § 2244(d) may be equitably tolled. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir.2001). " 'Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time,' " id. (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000)), or when the State prevents the prisoner from taking more timely action, id. at 807. Neither of those circumstances are present in this case nor are they alleged.

Since the Plaintiff's Petition was filed outside the time allowed and there is no basis for tolling any of the time the Plaintiff's Petition is barred by the Statute of Limitations.

Even if the Plaintiff Petition were barred by the Statute of Limitation it would be without merit or otherwise barred.

**B.  Claims Adjudicated on the Merits:**

All of the Plaintiff's claims except Ineffective Assistance of Counsel were raised in his appeal to the Arkansas Court of Appeals.

Section 2254 of Title 28 of the U.S. Code permits a prisoner in state custody to petition a federal court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a) (2000). Section 2254(d)(1) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States....

The Supreme Court explained in *Williams v. Taylor* that to obtain federal habeas relief, a petitioner must first demonstrate that his case satisfies the condition set by § 2254(d)(1):

[Section] 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied-the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or

(2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *See Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

## 1. Ground One: Sufficiency of the Evidence

The Plaintiff first contends in **Ground One** that the evidence was insufficient to justify his conviction on two counts of rape (ECF No. 1, p. 3) because the evidence of rape only came from the victim and that the State did not produce any DNA evidence. (Id., p. 3-4).

This specific point was adjudicated on the merits by the Arkansas Court of Appeal which summarized the testimony of Kristy Hewitt, the victim's second grade teacher; Tara Flute, an investigator with the Arkansas State Police; the victim's mother; the victim; Sue Stockton, a certified sexual-assault nurse; and Tiffany Renee Spencer, a 26 year old individual who testified about similar assaults by the Plaintiff against her between the ages of four and twelve or thirteen years of age. (*See Price v. State*, 2010 WL 374577)

### a. Testimony of Victim

K.L., then nine years old, testified that in the evenings, while her mother was at work, Plaintiff would tell her to go into her mother's bedroom. There, he told her to pull down her pants

and panties, and he would "hump" her. She stated that appellant touched her beneath her clothes, got on top of her, and "humped" her while her legs were "open.". She stated it was painful when appellant was "[moving] up and down."

As the court of Appeals pointed out the Arkansas Supreme Court has consistently held that "the testimony of a victim of rape does not have to be corroborated by other testimony." *Urquhart v. State*, 273 Ark. 486, 621 S.W.2d 218 (1981). Thus, the prosecutrix's testimony alone is sufficient to satisfy the requirement of substantial evidence. *Roper v. State*,  296 Ark. 292, 294, 756 S.W.2d 124, 124 - 125 (Ark.,1988); *Ray v. State*, 2009 WL 3384464.   The rape victim's testimony need not be corroborated, nor is scientific evidence required, and the victim's testimony describing penetration is enough for a conviction. *Gatlin v. State*, 320 Ark. 120, 895 S.W.2d 526 (1995).

### b.  Leading question

The Plaintiff asserted that the State secure testimony from the nine year old victim by asking leading questions (ECF No. 1, p. 3) but he does not assert this as grounds for relief.  The Plaintiff does not state what the leading questions were. Conclusory allegations that are unsupported by the facts do not provide a basis for either an evidentiary hearing or postconviction relief.  *See Hayes v. State*, 280 Ark. 509, 660 S.W.2d 648 (1983); *Greene v. State* 356 Ark. 59, 66-67, 146 S.W.3d 871, 877 (Ark.,2004).

### c.  Credibility Determination

Sue Stockton, a certified sexual-assault nurse, testified that on November 2, 2007, she performed a head-to-toe medical screening on K.L. The exam was normal; however, she explained that it was not uncommon (ninety percent of the time) to not find any physical injury to

-6-

a child who says that they have had "penis penetration or otherwise."

The Plaintiff seems to assert that the fact that Ms. Stockton could not testify that there was any evidence of penetration that penetration did not occur and therefor there was not substantial evidence for his conviction.

"A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person: who is less than fourteen (14) years of age." Ark.Code Ann. § 5-14-103(a)(3)(A) (Repl.2006). "Sexual intercourse" means penetration, however slight, of the labia majora by a penis. Ark.Code Ann. § 5-14-101(10) (Repl.2006).

Discrepancies in testimony and credibility of witnesses are for the jury to resolve. *Wilkins v. State*, 292 Ark. 596, 731 S.W.2d 775 (1987). Here, the jury obviously chose to believe the prosecutrix's testimony that the appellant raped her.

The Arkansas Court of Appeals throughly and properly determined that there was sufficient evidence upon which to base the Plaintiff's conviction.

**2.  Abuse of Discretion**

The Plaintiff next contends that the trial court abused its discretion by allowing the testimony of Tiffany Spencer pursuant to Arkansas Rules of Evidence 404(b).  ECF No. 1, p. 6.

This issue was also specifically ruled on by the Arkansas Court of Appeals which found that the circuit court had not abused its discretion.

Tiffany Spencer, who was 26 years old at the time of the trial, testified that the Plaintiff "had sex with her" from the time she was four years old until twelve or thirteen. She further testified that this occurred while the Plaintiff and her mother were living together and happened while her mother was at work or school.

The Arkansas Rules of Evidence provides that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." A.R.E. Rule 404(b).

The Arkansas Court of Appeals found that the trial court made no error in admitting the testimony of Ms. Spencer as an exception to the rule. The Arkansas Courts have recognized an exception to the rule when the abuse involves children by allowing the testimony of other minor victims under similar circumstances. *See Lamb v. State*, 372 Ark. 277, 275 S.W.3d 144 (2008). Such evidence offered under Rule 404(b) must be independently relevant to make the existence of any fact of consequence more or less probable than it would be without the evidence. In other words, the prior bad act must be independently relevant to the main issue, in that it tends to prove some material point rather than merely proving that the defendant is a criminal. *See Eubanks v. State*, 2009 Ark. 170, --- S.W.3d ----.

For the pedophile exception to apply, the court requires that there be a sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant, ( *See Hamm v. State*, 365 Ark. 647, 232 S.W.3d 463 (2006)) and that there be an "intimate relationship" between the perpetrator and the victim of the prior act. Id. at 652, 232 S.W.3d at 468–69.

The Court of Appeals found that the "similarity of Tiffany's description of this abuse is strikingly similar to the testimony of K.L., making Tiffany's testimony probative of appellant's depraved sexual instinct toward young girls living in his home. We find no abuse of discretion by

the trial court in admitting Tiffany's testimony at trial pursuant to the pedophile exception."
The admission or rejection of evidence under Rule 404(b) is committed to the sound discretion of the circuit court, which this court will not disturb on appeal absent a showing of manifest abuse. See *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996).

The decision by the trial court to admit the testimony of Ms. Spencer's testimony was not contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

### 3.  Denial of Motion for Mistrial

The Plaintiff contends in Ground Four that the "trial court abused its discretion in denying the Petitioner objection and motion for mistrial in regards to the Arkansas State Police investigator's double hearsay comment concerning the alleged victims disclosure at school that she was being sexually abused."  ECF No. 1, p. 14.

This issue also was raised before the Arkansas Court of Appeal which found that a mistrial is an extreme remedy committed to the sound discretion of the trial court but "even had the testimony been admitted in error, appellant cannot demonstrate prejudice where K.L. testified as to appellant's actions and where K.L. testified that she told her friend, her teacher, the school counselor, and Ms. Flute of appellant's actions. Where similar evidence is previously admitted without objection, the admission of later testimony on the same subject is not considered prejudicial. *Jenkins v. State*, 348 Ark. 686, 75 S.W.3d 180 (2002)."  *Price v. State*, 2010 WL 374577.  The victim testified that the first person she told of the abuse was her friend in her second-grade class. She then told her teacher, her school counselor, and the investigator of the abuse.

The trial court's denial of the Plaintiff's Motion for Mistrial did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

## C.  Unconstitutionality of Rule 404(b) of the Arkansas Rules of Evidence

The Plaintiff contends in Ground Three that Rule 404(b), **as it has come to be applied by the Arkansas Courts**,  "violates a defendants due process rights guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the Unites States Constitution by depriving a defendant of a fair and impartial trial."  ECF No. 1, p. 13.

The Plaintiff attempted to raise this argument in the Arkansas Court of Appeals but the court noted that the Plaintiff had "failed to make this argument below. We will not consider issues raised for the first time on appeal, even constitutional ones, because the trial court never had the opportunity to rule on them. Rye v. State, 2009 Ark.App. 839, ---S.W.3d ---- (citing *Thomas v. State*, 370 Ark. 70, 74, 257 S.W.3d 92, 96 (2007))." *Price v. State,*  (Ark.App.,2010)

The Federal Rules of Evidence contains essentially the same language as the State of Arkansas. Federal Rules of Evidence, Rule 404(b)(2).  A Federal District Judge is clothed with the same discretion to admit 404(b) as a state court judge. *See United States v. Green*, 151 F.3d 1111, 1113 (8th Cir.1998) ( Green ) ("The district court has broad discretion in determining whether to admit evidence of other crimes, and this Court will overturn its decision only if it can be shown that the evidence clearly had no bearing upon any issues involved."). Such evidence is admissible if "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *Green*, 151 F.3d at 1113.

The Plaintiff's argument on this point is not that the Rule is unconstitutional, but it is the application of the rule, that is unconstitutional. The Plaintiff does not argue that Arkansas courts in general apple the Rule unconstitutionally but that it was singularly applied unconstitutionally in his instance.  It is the same argument as previously raised that the trial court committed error in admitting the testimony of Ms. Spencer.   The Plaintiff's argument was addressed in the Abuse of Discretion section above and found to be without merit.

Notwithstanding the Plaintiff failed to present the issue to the trial court.  Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the " ' "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.' " *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

## D.  Ineffective Assistance of Counsel

The Plaintiff contends that his trial attorney was ineffective for 1) not calling witnesses who would have called into question the victims veracity and 2) for allowing a biased jury to be seated on the jury panel. ECF No. 1, p. 16.

### 1.  Failure to Exhaust Remedies

Generally, a defendant must exhaust all available state court remedies before seeking

habeas relief. *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007). "If a petitioner has not

presented his habeas corpus claim to the state court, the claim is generally defaulted." Id.

(quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir.1999)). The default of the federal

claim applies even if the defendant's failure to exhaust results from the application of state law.

See *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002). (Federal courts

will not entertain the habeas claim "if the decision of [the state] court rests on a state law ground

that is independent of the federal question and adequate to support the judgment.") (quoting

*Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).) "The rule

applies with equal force whether the state-law ground is substantive or procedural." Id.

 For ineffective-assistance claims, the required state procedure in Arkansas is Rule 37 of

the Arkansas Rules of Criminal Procedure. *See Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d

449, 450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is

a petition for postconviction relief under Ark. R. Cr. P. Rule 37.").   The Petitioner had 60 days

from the date of the decision of the Arkansas Court of Appeal to bring his claim under Rule 37.

(Ark. R. Crim. P. 37.2(c)).  The Plaintiff acknowledged that his Rule 37 was filed late and states

that is was filed late because of "a lack of legal knowledge, and illiterate."  ECF No. 1, p. 17. The

decision in the Arkansas Court of Appeals was handed down on February 3, 2010 and the

Mandate was issue February 23, 2010.  The Plaintiff did not file his Rule 37 Petition in the

Crawford County Circuit Court until April 29, 2010.  The Petition was denied on April 30, 2010

as untimely. ECF No. 1, p. 2.

 The Plaintiff did not appeal the decision of the trial court dismissing his Rule 37

application but, even if he did it would have done him no good.  Habeas petitioners are not

required to pursue obviously futile state court remedies,  *Smittie v. Lockhart*, 843 F.2d 295,

297-98 (8th Cir.1988). The Arkansas Courts have consistently ruled that failure to file a timely

Rule 37 Petition is jurisdictional.  *See Reed v. State*  317 Ark. 286, 288, 878 S.W.2d 376, 377

(Ark.,1994) (The time limitations imposed in Rule 37 are jurisdictional in nature, and the circuit

court may not grant relief on a untimely petition. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d

303 (1989). As appellant did not file his petitions to correct the sentence imposed on him within

the time limit set by Rule 37, the petitions were untimely and he was not entitled to relief in

circuit court.)

### 2.  Procedural Default

As a result of the Plaintiff's untimely filing of his Rule 37 Petition he has Procedurally

Defaulted his Ineffective Assistance of Counsel Claim.

"In all cases in which a state prisoner has defaulted his federal claims in state court

pursuant to an independent and adequate state procedural rule, federal habeas review of the

claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as

a result of the alleged violation of federal law, or demonstrate that failure to consider the claims

will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750,

111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).  *Abdullah v. Groose*  75 F.3d 408, *411 (C.A.8

(Mo.),1996). The court may also consider procedurally defaulted claims if the Plaintiff  shows a

"colorable claim of factual innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514,

2519, 120 L.Ed.2d 269 (1992).

### a.  Cause for Default

Cause requires a showing of some impediment, external to the petitioner's defense and

-13-

not fairly attributable to him, preventing him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman v. Thompson*, 501 U.S. 722 at 753. If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991). The only reason that the Plaintiff has asserted for his cause for default is that he was unable to do so because of his "lack of education and legal incompetence". ECF No. 1, p. 3.

The law is clear that a petitioner's pro se status, limited education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause overcoming a procedural default. *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir.1992); *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir.1991); *McKinnon v. Lockhart*, 921 F.2d 830, 832 n.5 (8th Cir.1990); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir.1988); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir.1988). In *Morris v. Norris*, 83 F.3d 268 (8th Cir.1996), the Eighth Circuit specifically rejected a habeas petitioner's argument that there was cause for his procedural default because his trial/appellate attorney failed to advise him of Arkansas's Rule 37 post-conviction remedy and its restrictive time limits.

Because the Plaintiff has failed to establish cause for his default the court need not examine the prejudice prong of the requirement although the court does have concern about the allegations of Ineffective Assistance. If properly raised, the allegation that an attorney, without strategic reason, failed to call witness to rebut the State's case or allowed a juror to be seated in a child rape case where the juror himself had been raped or sexually abused as a child would, at the very least, require an expansion of the record to include the relevant portion of the trial transcript or lead to an evidentiary hearing to determine the credibility of the Plaintiff's claims. Because

-14-

those claims were not raised at the State level, or raised within the statutory time, however,  it is not permissible to consider them now.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

/s/ J. Marschewski

James R. Marschewski
Chief United States Magistrate Judge